## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BRIAN CHARLES VAETH                          *
                                             *
Plaintiff,                                   *
                                             *
v.                                           *          Civil Action No. WDQ-14-3555
                                             *
LINDA H. LAMONE,                             *
  Director, Maryland State Bd. of Elections, *
ROBERT P. DUCKWORTH,                         *
  Circuit Court Clerk for Anne Arundel County, *
                                             *
Defendants.                                  *
                                           ***

### MEMORANDUM

Brian Charles Vaeth, is suing Linda Lamone, State Administrator of the Maryland State Board of Elections and Robert Duckworth, Clerk of the Circuit Court for Anne Arundel County, Maryland. Plaintiff's motion to proceed in forma pauperis will be granted for the limited purpose of preliminary review as his financial affidavit indicates he has no income. It is unclear however, whether Plaintiff's affidavit is accurate as he states that he has no living expenses. Because this Complaint fails to set forth any federally cognizable claims, requiring Plaintiff to supplement his financial affidavit would merely delay consideration of this case.

### I.    Background

The Plaintiff, who is a Maryland resident, states that on May 1, 2013, he filed the requisite registration forms to become a candidate for Governor of Maryland in the 2014 state election. He filed the forms in person at the State Board of Elections' main office in Annapolis, Maryland. On May 18, 2014, approximately ten months later, he was informed that his name was being disqualified and removed from the ballot for a voter registration violation associated with

Article II, 5 of the Maryland Constitution.[1]  The Plaintiff avers he received no other notice from the State Board of Elections for this "arbitrary" decision and he "sought judicial review in a timely manner as prescribed by law." (ECF 1, p. 3).

The Plaintiff states that on March 25, 2014, he "presented to the Anne Arundel County Circuit Court the Common Law question of the applicability of Code (2000), Sections 9-209 and 12-202 of the Election Law Article, which provides for judicial challenges to aspects of the election process." (ECF 1, p. 4) He also filed a motion to waive prepayment of filing fees and a motion for a preliminary injunction and demand for a temporary restraining order against Linda Lamone in her capacity as Director of the Board of Elections. On April 17, 2014, the Circuit Court granted the waiver of prepayment of filing fees.  On April 24, 2014, Plaintiff filed an amended motion for a preliminary injunction and demand for a temporary restraining order. The Plaintiff attached a certificate of service to the motions, "wherein a mailing via United States Postal Service was completed." (ECF 1, p. 4). The Plaintiff explains:

> This was done, as notice of its filing with the respondent and not to satisfy the requirement of providing the proper process of service, as directed in the Maryland Rules of Procedure 2-121. Up to the time of the Circuit Court's order, plaintiff was unsuccessful in having the respondent served and was preparing a motion to the Circuit Court to request that plaintiff be allowed to seek and alternative means of service on her.

*Id.*

On May 14, 2014, the Circuit Court dismissed the case, which had been assigned case number 02-C14186353, for failure to comply with Maryland Rule 2-121(a)(3) which requires service by mail by restricted delivery. [2]

---

[1] The Plaintiff does not specify the nature of the "voter registration violation" on which the disqualification was based. (ECF 1, p. 3).

[2] MD Rule 2-121(a)(3) states in relevant part:

As redress, Plaintiff seeks declaratory relief declaring the Defendants' actions unconstitutional. He also seeks injunctive relief to permanently enjoin the Defendants from "continuing to subject the People of Maryland to the denial of access to their Courts" and to order "Defendants to purge the Maryland Annotated Code of all election law statutes that are unconstitutional by action in the 2015 legislative session of the Maryland General Assembly. (ECF 1, p. 11). He explains that he is not asserting Defendants schemed to evade service. Instead, he is "just demonstrating that in the absence of [Lamone] in her office, as the Director of the State Board of Elections, effectuating service on her there had become futile" and he should have been permitted to file a motion to permit a means of alternative service." (ECF 1, pp. 9-10).

## II.    Discussion

The in forma pauperis statute allows a federal district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i). The Court is also mindful of its obligation to liberally construe the pleadings of pro se litigants such as Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. Id. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

---

(a)  Generally. Service of process may be made within this State or, when authorized by the law of this State, outside of this state:

   (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting "Restricted Delivery-show to whom, date, address of delivery." Service by certified mail under this Rule is complete upon delivery.

Further, the jurisdiction of federal courts is limited. There is no presumption that jurisdiction is vested in the Court. *See Pinkley, Inc. v City of Frederick, MD*, 191 F.3d 394, 399 (1999); *see also* Fed. R. Civ. P. 12 (h) (3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The burden of establishing subject-matter jurisdiction rests on the party invoking the jurisdiction of the Court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

In this case, the Plaintiff avers the Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1331, which provides that federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Essentially, the Plaintiff's claims are based on alleged violations of state procedural law, and his summary invocation of due process and the Administrative Procedure Act (ECF 1, pp. 2, 6-7) are insufficient to meet his burden of establishing subject matter jurisdiction. Insofar as the Plaintiff intends to state a civil rights claims under § 28 U.S.C. § 1983, he cannot rely solely on legal conclusions or constitutional "buzz" words or phrases to support a colorable claim of constitutional abridgement.[3]

## III.   Conclusion

For these reasons, the case will be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted. A separate Order follows.

12/16/14
Date

William D. Quarles, Jr.
United States District Judge

---

[3]   Plaintiff may pursue his claims in the appropriate state forum. This Court expresses no opinion as to the merits of such claims.

4